Opinion of the Court, by
Judge OwsleSt.
THIS writ of error with supersedeas is prosecuted by Barrett and Ge'ntry; to reverse a judgment recovered against them in an action of trespass, which was brought in the court below by Lightfoot, for the taking, and, by immoderate and illegal riding, killing a horse.
Two pleas were pleaded in that court — 1st, Barrett and Gentry pleaded jointly the general issue; 2d, Barrett pleaded, that the plaintiff his action ought not to have and maintain, because he says that previous to the supposed trespass in the declaration mentioned, the said horse was estrayed from the home and possession of the said Lightfoot, and had come lost and estrayed to the plantation and place of residence of the said Barrett, and broke into'his farm, to wit, at the circuit aforesaid, and the said Barrett had taken up the said horse as an cslray, as by the law of the land he well might; and previous to the ten days allowed by l#w .td post said horse .as an estray,' his wife was taken very ill and in danger of death, and the said Barrett, not having any other means by which he could send for a physician to attend his said wife, did then and there, as he well might, and out of necessity, request the said Gentry to ride the said horse moderately to the town of Hartford, at the circuit aforesaid, fora physician; and the said Barrett avers, that the physician to whom he requested the said Gentry to go, was the nearest physician to the residence of the said Barrett, and that the request so made to the said Gentry, was of necessity, and out of humanity and duty to his wife; and this is the same trespass in the declaration supposed, without this, that he is guilty, &c. &c.
To tills plea Lightfoot demurred, and the demurrer was sustained by the court.
Whether or not, in sustaining the demurrer, the court decided correctly, is the first question made by the assignment oferrors.
Jn argument, the correctness of the decision was com-batted upon two grounds:
1st. It was contended, that assuming the allegations of the pica to be true, there was nothing illegal in Bar *242 rett’s treatment of the horse, and that no action can bte sustained against him by Lightfoot, for the loss of the horse.
(4) Trespass is the proper action a-gains’t the taker up of aft estray, for using it Before it is posted ; for his possession is by authority of hv\V, ami the abuse of such authority makes the party a trespasser ab ini-tio.
(2) The taker lip of an es-fcray cannot use it before it is posted, except yi’here necessary for its preservation; nó necessity of his own, as tó send for a physician, will justify it.
(1) But if any action can he sustained, it was, 2d!y, contended, that Lightfoot misconceived his remedy, by bringing an action of trespass;
If however, the use which Barrett is alleged by tlié plea to have made of the horse, be admitted to be illegal, it is perfectly clear; that in bringing trespass, Lightfoot adopted the legitimate and appropriate action; for; in taking up the horse, which the plea alleges to have estrsyed, Barrett must be understood to have acted under the authority of law; and if so, the doc-trinéis well settied; that any subsequent abuse of that authority makes him a trespasser ab initio, and as such, liable to be sued for the injury produced by the abuse; in an action of trespass; Cr; Já. 148.-
(2) WaS it, then, illegal, under the circumstances alleged in the plea-, for Barrett; whilst he held the horse as an e'Stray, and before the horse was posted, to employ hint in sending for á physician?
This question must, we apprehend-, be answered in the affirmative, ft Vas not, indeed', controverted in argument, but what the taker up of a stray is not, in the genepá, at liberty, before the stray is posted, to use it;-hut it was contended that there are exceptions to this general rule, and we were reférred to Bullcr’s Nisi Frius, as an authority to prove that Vhere there exists a necessity to do so, astray may be used;
The authority in Buller is taken from an adjudged case reported in Croke Jadíes, and will probably be better understood by adverting to the language which the court are reported to have employed in that case.
In that case, when remarking upon the subject of using an estray, the court observed, “it is not íawfuf for any to use it in any manner, unless in case of necessity, and for the benefit of the owner, as to milk milch kine; because, otherwise,-they would be spoiled; and so of the like. But, to use a stray horse by riding or drawing, is tortious, although it were alleged that the-common course is to use stray horses with withes about 'their necks.” Cro. Ja. 148.
It will at once be admitted, that the case in Croke goes as well to establish the principle, that strays cannot, in the general, be used, as that there may exist *243 apch a necessity for using, them, as to form an exception to the general principle, and. render the use lawful. ÍBlit, to. have that effect, the necessity must, we appre-bend, be of a different sort to (hat which is alleged ip the plea of Barrett. The illustration made by the court, in the case cited, shows the sense in which the expression, necessity, was intended by them, and proves, Conclusively, that strays cannot be lawfully used by the. taker up, unless to use them be necessary to preserve, them, from injury, and.for. tl\e benefit of the rightful, owner.
(3) The im-. proper over-™cüonat0°a" pro-, pounded to a widcb the rs-. cordshowsno a¡>s^T0'v^ five'!’' 'was excluded ^°no*hc-1U*¿’■ f0-r rev¿rsjn'g the judgment
ilaggin, for plaintiffs; Crittenden, for defendant,^
There being, therefore, no such necessity for using th,e horse by Barrett, alleged in his. plea, the use was ■ illegal, and an abuse, of the authority of law, and as. §.uch, the .demurrer to the plea was correctly sustained,
(3) In the progress of the trial in the court below, Barrett and. Gentry.objected .to a question which was propounded to a witness by Lightfoot, an.d by the as-signm.ent of errors the decision of. the court in r.uling the objection is also controverted.
It is, however, proper to. remark, that,from a bill of exceptions which purports to contain all the,evidence introduced on the trial, it is apparent, that although the question was allowed to be p.ut to the witness, either no answer vyas made, or if made, it was.not allowed to go to the ju.ry. ,
Were the question, therefore, admitted to be of a character that'ought uot.to.have- been propounded to the witness, the mere; circumstance of the court having overruled the objections taken to. it, furnishes no sufficient cause, for.reversing .the judgment.
The judgment must, consequently, be affirmed with., costs ai.id damages.